## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **PATRICIA GAVIN,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CASE NO. 1:17-CV-00768-CKK** |
| | § | |
| **DEPARTMENT OF THE AIR** | § | |
| **FORCE,ET AL., DEPARTMENT OF** | § | |
| **THE INTERIOR, DEPARTMENT OF** | § | |
| **EDUCATION, PRUDENTIAL OFFICE** | § | |
| **OF SERVICEMEN'S GROUP LIFE** | § | |
| **INSURANCE COMPANY, ILLINOIS** | § | |
| **STUDENT LOAN ASSISTANCE** | § | |
| **COMMISSION, AMERICAN** | § | |
| **EDUCATION SERVICES, INC.,** | § | |
| **NELNET, INC., SALLIE MAE,** | § | |
| **NAVIENT, INC., KELLER** | § | |
| **GRADUATE SCHOOL OF** | § | |
| **MANAGEMENT, DONALD GODWIN,** | § | |
| | § | |
| | § | |
| **and MICHAEL GRUBER,** | § | |

1918 Olive Street, Museum Tower #2101,
Dallas, Texas 75201

  **Defendants.**

## DEFENDANT MICHAEL GRUBER'S MOTION TO DISMISS

Orrin L. Harrison, III
Texas Bar No. 09130700
oharrison@getrial.com
Chelsea L. Hilliard
Texas Bar No. 24068630
chilliard@getrial.com
**GRUBER ELROD JOHANSEN HAIL SHANK LLP**
1445 Ross Avenue, Suite 2500
Dallas, Texas 75202
(214) 855-6800 Telephone
(214) 855-6808 Facsimile

C. Michael Buxton
cmbuxton@buxtonlawoffices.com
D.C. Bar No. 200089
**BUXTON LAW OFFICES PLLC**
1701 Pennsylvania Ave. NW
Suite 300
Washington, DC 20006
(202) 461-2205 Telephone
(202) 461-2207 Facsimile

## ATTORNEYS FOR DEFENDANT MICHAEL GRUBER

# TABLE OF CONTENTS

**Page**

DEFENDANT MICHAEL GRUBER'S MOTION TO DISMISS ................................................... i

TABLE OF CONTENTS ........................................................................................................ ii

TABLE OF AUTHORITIES .................................................................................................. iii

I. SUMMARY ...................................................................................................................... 1

II. BACKGROUND .............................................................................................................. 1

III. ARGUMENTS AND AUTHORITIES .............................................................................. 3

    A.    This Court Lacks Subject-Matter Jurisdiction Over Mr. Gruber ................................. 3

    B.    This Court Lacks Personal Jurisdiction Over Mr. Gruber ........................................... 6

    C.    Plaintiff Has Failed to State a Claim Upon Which Relief Can be Granted ................. 9

    D.    Plaintiff Does Not Allege Fraud with Requisite Specificity. ..................................... 12

CONCLUSION ...................................................................................................................... 12

CERTIFICATE OF SERVICE ............................................................................................... 14

## <u>TABLE OF AUTHORITIES</u>

**Cases**                                                                                                                                                                 **Page(s)**

*\*Ashcroft v. Iqbal,*
   556 U.S. 662, 678 (2009) ................................................................................................ 9, 11

*\*Bell Atl. Corp. v. Twombly,*
   550 U.S. 544, 555 (2007) ............................................................................................ 9, 11, 12

*\*Cantey Hanger, LLP v. Byrd,*
   467 S.W.3d 477, 484 (Tex. 2015) ........................................................................................ 5

*Murphy v. U.S.,*
   451 F. Supp. 544, 546-47 (D.C. D.C. 1978) ......................................................................... 4

*Chandler v. Roche,*
   215 F. Supp. 2d 166, 168 (D.D.C. 2002) .............................................................................. 9

*Crane v. N.Y. Zoological Soc'y,*
   894 F.2d 454, 456 (D.C.C. 1990) ......................................................................................... 7

*Daimler AG v. Bauman,*
   134 S. Ct. 746 (2014) ............................................................................................................ 8

*Dist. of Columbia Ret. Bd. v. United States,*
   657 F. Supp. 428, 431 (D.D.C. 1987). .................................................................................. 3

*Erickson v. Pardus,*
   551 U.S. 89, 94 (2007) .......................................................................................................... 6

*Fisher v. United States,*
   402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc) .................................................................. 4

*Gavin v. Prudential Office of Servicemen's Grp. Life Ins. Co.,*
   72 F. Supp. 3d 332 (D.C.C. 2014) .................................................................................. 1, 2, 9

*Gavin v. United States,*
   47 Fed. Cl. 486, 488 (2000) ............................................................................................... 1, 2

*Gavin v. United States,*
   No. 08-53C, 2008 WL 4725420, at \*1 (Fed. Cl. May 27, 2008) ..................................... 1, 2, 4

*Gavin v. United States,*
   No. 11-528C, 2013 WL 1726504 (Fed. Cl. April 19, 2013) .............................................. 1, 2

*Goodyear Dunlop Tires Operations, S.A. v. Brown,*
   131 S. Ct. 2846, 2851 (2011) ............................................................................................... 8

*Haase v. Sessions,*
   835 F.2d 902, 906 (D.C. Cir. 1987) ..................................................................................... 3

*Hughes v. Rowe,*
   449 U.S. 5, 9-10 (1980) ........................................................................................................ 3

*Kokkonen v. Guardian Life Ins. Co.,*
   511 U.S. 375, 377 (1994) ...................................................................................................... 3

*Lammers Kurtz v. United States*,
   779 F. Supp. 2d 50, 51 (D.D.C. 2011) ............................................................. 6

*Martinez v. United States*,
   333 F.3d 1295, 1312 (Fed. Cir. 2003) (en banc) ............................................. 5

*McManus v. Dist. of Columbia*,
   530 F. Supp. 2d 46, 62 (D.D.C. 2007) ............................................................ 3

*Poblete v. Goldberg*,
   680 F. Supp. 2d 18, 19 (D.D.C. 2009) .......................................................... 10

*Ravulapalli v. Napolitano*,
   773 F. Supp. 2d 41, 48 (D.D.C. 2011) ............................................................ 3

*Second Amendment Found. v. U.S. Conference of Mayors*,
   274 F.3d 521, 524 (D.C. Cir. 2001) ................................................................ 6

*Steinberg v. Int'l Crim. Police Org.*,
   672 F.2d 927, 928 (D.C. Cir. 1981) ................................................................ 7

*Troice v. Proskauer Rose, L.L.P.*,
   816 F.3d 341, 346-47 (5th Cir. 2016) ............................................................. 5

*United States v. Ferrara*,
   54 F.3d 825, 828 (D.C. Cir. 1995) .................................................................. 6

*United States v. Mitchell*,
   463 U.S. 206, 217 (1983) ................................................................................ 2

*United States v. Testan*,
   424 U.S. 392, 398 (1976) ................................................................................ 4

*Walden v. Fiore*,
   134 S. Ct. 1115, 1121 (2014) .......................................................................... 7

*Williams v. WMX Tech., Inc.*,
   112 F.3d 175, 178-79 (5th Cir. 1997) ........................................................... 12

(* refers to cases most relied upon)

## Statutes

13 U.S. Code § 1367 ............................................................................................. 4

Administrative Procedure Act, 5 U.S.C. § 702 .................................................... 3

D.C. Code § 13-422 ............................................................................................. 6

La. Civ. Code Ann. § 3492 (2016) ....................................................................... 6

Tex. Civ. Prac. & Rem. Code § 16.004 ............................................................... 6

Tucker Act, 28 U.S.C. § 1491 ......................................................................... 4, 5

**Rules**

Federal Rule of Civil Procedure 12(b)(1) ................................................................ 1, 3, 5

Federal Rule of Civil Procedure 12(b)(2) ................................................................ 1, 6

Federal Rule of Civil Procedure 12(b)(6) ................................................................ 1, 7, 9

Federal Rule of Civil Procedure 8(a) ...................................................................... 9

Federal Rule of Civil Procedure 9(b) ...................................................................... 1, 12

## DEFENDANT MICHAEL GRUBER'S MOTION TO DISMISS

Defendant, Michael Gruber ("Gruber"), who resides at 1918 Olive Street, Museum Tower #2101, Dallas, Texas 75201 files this Motion to Dismiss for lack of subject-matter and personal jurisdiction, failure to state a claim upon which relief can be granted, and for failure to plead with particularity as authorized by Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), 12(b)(6) and 9(b), respectively (the "Motion").

## I.
## SUMMARY

Mr. Gruber files this Motion because this Court lacks subject-matter jurisdiction over Plaintiff's claims and lacks personal jurisdiction over him. In the alternative, Plaintiff's claims should be dismissed because the allegations in Plaintiff's Complaint, which may be described as convoluted and conclusory at best, facially demonstrate that Plaintiff cannot prove any set of facts that would entitle her to relief. Furthermore, under Rule 9(b), Plaintiff's Complaint is lacking the requisite particularity with respect to her fraud allegations and must be dismissed.

## II.
## BACKGROUND

While a *pro se* litigant, the Plaintiff, Patricia Gavin, is no stranger to the United States' courts. The present lawsuit is her *fifth* reported matter drawn from the largely same set of facts. *See Gavin v. United States*, 47 Fed. Cl. 486, 488 (2000) ("*Gavin I*"), *Gavin v. United States*, No. 08-53C, 2008 WL 4725420, at *1 (Fed. Cl. May 27, 2008) ("*Gavin II*") (Fed. Cl. May 27, 2008); *Gavin v. United States,* No. 11-528C, 2013 WL 1726504 (Fed. Cl. April 19, 2013) ("*Gavin III*"); and *Gavin v. Prudential Office of Servicemen's Grp. Life Ins. Co.,* 72 F. Supp. 3d 332 (D.C.C. 2014) ("*Gavin IV*").

In *Gavin I*, Plaintiff made a request for reinstatement in the Air Force and back pay. *Gavin I*, 47 Fed. Cl. at 490. Plaintiff alleged that the Air Force had coerced her into resigning

from active duty in 1992. *Id.* The court dismissed the complaint upon finding that her separation from service was voluntary. *Id.* at 490-91.

In *Gavin II*, Plaintiff asked the court to place a protective order on the sealed record in *Gavin I* to prohibit the use of those records. *Gavin II*, 2008 WL 4725420 at *1-2. She also sought sanctions and damages against three individuals involved in a separate custody-based lawsuit for their "alleged unauthorized use of the sealed records" in that case. *Id.* Essentially, Plaintiff claimed the records were used against her in a custody hearing. *Id.* Like the present lawsuit, Plaintiff brought these claims under the Tucker Act. *Id.*  The Court noted that the Tucker Act itself did not confer a plaintiff a right to recovery. *Gavin II*, 2008 WL 4725420 at *2. Because she had failed to identify a substantive claim that could be fairly interpreted as mandating compensation by the Federal Government for damages, the Court dismissed her claims for lack of jurisdiction. *Id.* (citing *United States v. Mitchell*, 463 U.S. 206, 217 (1983)).

In *Gavin III*, Plaintiff again requested that the Court reinstate her into the Air Force and award her back pay. *See Gavin III,* No. 11-528C, 2013 WL 1726504, at *1. The Court similarly dismissed her Complaint for lack of jurisdiction on April 19, 2013. *Id.*

In *Gavin IV,* Plaintiff brought suit against her deceased husband's life insurance policy provider for fraud.  *See Gavin IV,* 72 F. Supp. 3d at 333-34. The Court dismissed her claims for lack of subject matter jurisdiction on the bases that she lacked standing (as the *ex-wife* of the decedent) and her claims were barred by statute (38 U.S.C. § 1970(g) mandates that only named beneficiary has right to proceeds). *Id.* at 336-38.

### III.
### ARGUMENTS AND AUTHORITIES

**A.**   **This Court Lacks Subject-Matter Jurisdiction Over Mr. Gruber.**

   **1.**   **Rule 12(b)(1) Legal Standard.**

Federal district courts are courts of limited jurisdiction, *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994), and a Rule 12(b)(1) motion for dismissal presents a threshold challenge to a court's jurisdiction, *Haase v. Sessions*, 835 F.2d 902, 906 (D.C. Cir. 1987). On a motion to dismiss pursuant to Rule 12(b)(1), the plaintiff bears the burden of establishing that the court has jurisdiction. *Dist. of Columbia Ret. Bd. v. United States*, 657 F. Supp. 428, 431 (D.D.C. 1987). Even though a *pro se* claimant is held to less stringent pleading standards, they must still distinctly and affirmatively plead subject matter in their complaint. *See Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980). When a court lacks subject-matter jurisdiction, it must dismiss the case. *See Ravulapalli v. Napolitano*, 773 F. Supp. 2d 41, 48 (D.D.C. 2011); *McManus v. Dist. of Columbia*, 530 F. Supp. 2d 46, 62 (D.D.C. 2007).

   **2.**   **There are no jurisdictional bases for Plaintiff's claims.**

Plaintiff's Complaint does not allege sufficient facts on which subject-matter jurisdiction can be based. While Plaintiff seeks injunctive relief and monetary damages from various governmental entities under the Tucker Act, it is entirely unclear what jurisdictional basis she contends supports her claims against Defendant Michael Gruber.  Mr. Gruber is a private citizen. He is a Texas-based attorney who is unaffiliated with any of the governmental-entity Defendants. Plaintiff's Complaint does not allege otherwise.  Outside of her reference to the Tucker Act, and mention of presentment under the Administrative Procedure Act, 5 U.S.C. § 702, Plaintiff's Complaint does not identify any Constitutional provision, federal statute, or federal regulation under which this Court may exercise jurisdiction. *See* Complaint at ¶¶ 1 & 38.

Since it appears that Plaintiff's claims are solely brought pursuant to the Tucker Act, 28 U.S.C. § 1491, Defendant will address that basis. *See* Complaint at ¶ 1.

Like her prior lawsuits (similarly brought pursuant to the Tucker Act), Plaintiff has failed to set forth a valid jurisdictional basis for her claims. This Court lacks jurisdiction under the Tucker Act to hear Plaintiff's claims.  As Plaintiff has been previously advised, "[t]he Tucker Act itself…does not confer on a plaintiff a right to recovery." *Gavin II,* 2008 WL 4725420, at *2 (quoting *United States v. Testan*, 424 U.S. 392, 398 (1976)) (internal quotations omitted). Since the Tucker Act does not provide an independent jurisdictional basis for Plaintiff's claims, and Plaintiff failed to plead a separate source of substantive law that creates the right to monetary damages upon which jurisdiction could be based, the Court does not have subject-matter jurisdiction over this matter and Plaintiff's Complaint must be dismissed. *See Fisher v. United States,* 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc).

Plaintiff's claims directed at Mr. Gruber also do not fall within the jurisdiction of this Court. From what counsel can discern, Plaintiff alleges tortious wrongdoing by non-government actors, namely, certain attorneys in unrelated Louisiana and Texas-based court proceedings. *See e.g.,* Complaint at ¶¶ 8-9, 19-22 & 24.  Plaintiff claims that around 2003-2006 during certain custody and divorce-related proceedings counsel engaged in falsification or fraudulent use of her Veteran's Administration records, failed to identify her children as Koniag Tribe members, falsely represented to the court that she moved to Wyoming, failed to plead the Indian Child Welfare Act of 1978, and failed to disclose information to her (e.g. purported marital assets). *Id*. Without subject-matter jurisdiction over her claims against the government, there can be no supplemental jurisdiction over these state-based tort claims. *See* 13 U.S.C. § 1367; *cf. Murphy v. U.S.,* 451 F. Supp. 544, 546-47 (D.C. D.C. 1978).

3.      **Plaintiff's claims are barred by Texas's attorney immunity doctrine.**

To the extent Plaintiff's claims against the Texas attorneys took place outside of their representation of Plaintiff in the custody matter, her claim is barred by the doctrine of attorney immunity under Texas law. *See Troice v. Proskauer Rose, L.L.P.,* 816 F.3d 341, 346-47 (5th Cir. 2016) ("Conduct covered by attorney immunity is 'not actionable,' and the doctrine provides 'immun[ity] from civil liability.'") (quoting *Cantey Hanger, LLP v. Byrd,* 467 S.W.3d 477, 484 (Tex. 2015)).  Fraud is not an exception to attorney immunity. *Id.* at 348.

4.      **Plaintiff's claims are barred by statute of limitations.**

Mr. Gruber further moves to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(1) because Plaintiff's claims are barred by statute of limitations. In her Complaint, Plaintiff complains of acts which took place between 1999 and 2006, well beyond the six-year statute of limitations under the Tucker Act (and notably, entirely unrelated to any recoverable acts under that statute).[1] *See* Complaint at ¶¶ 9 & 19-26. Plaintiff's statement that she exhausted her administrative remedies does not alter the statute of limitations analysis. *See* Complaint at ¶ 38. The Tucker Act's statute of limitations is not tolled by the claimant's exercise of her right to seek permissive administrative review of her claim. *See Martinez v. United States,* 333 F.3d 1295, 1312 (Fed. Cir. 2003) (en banc).

Even the state law based claims Plaintiff vaguely asserts against Mr. Gruber (albeit through the alleged actions of his former colleagues) are precluded as a matter of law by the applicable statute of limitations. While hard to decipher from the Complaint, it appears that Plaintiff's sole cause of action against Mr. Gruber is fraud. *See, e.g.,* Complaint at header on p. 3 "Complaint for…Attorney Fraud." Since the attorney-based conduct Plaintiff complains of occurred in connection with court proceedings in either Texas or Louisiana, the laws of those

---

[1] The applicable statute of limitations for Tucker Act actions is 6 years. *See* 28 U.S.C. § 1491.

states should determine the applicable statute of limitations. *See* Complaint at ¶¶ 10, 19-20. The statute of limitations for fraud under Texas law is four years, TEX. CIV. PRAC. & REM. CODE § 16.004, and under Louisiana law is one year, LA. CIV. CODE ANN. § 3492 (2016).  Under either Texas or Louisiana law, Plaintiff's claims for fraud are barred by the statute of limitations. Thus, the Court lacks subject-matter jurisdiction over Plaintiff's claim for fraud.

**B.      This Court Lacks Personal Jurisdiction Over Mr. Gruber.**

**1.      Rule 12(b)(2) Legal Standard.**

Federal Rule of Civil Procedure 12(b)(2) requires dismissal of a claim where personal jurisdiction is lacking. To establish that personal jurisdiction is proper, Plaintiff must allege specific facts that connect the defendant with the forum. *Second Amendment Found. v. U.S. Conference of Mayors*, 274 F.3d 521, 524 (D.C. Cir. 2001). Although complaints filed by *pro se* plaintiffs are to be liberally construed, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), "[p]ro se plaintiffs are not freed from the requirement to plead an adequate jurisdictional basis for their claims." *See Lammers Kurtz v. United States*, 779 F. Supp. 2d 50, 51 (D.D.C. 2011) (quoting *Gomez v. Aragon*, 705 F. Supp. 2d 21, 23 (D.D.C. 2010)).

In the D.C. Circuit, personal jurisdiction "must be determined by reference to District of Columbia law." *United States v. Ferrara*, 54 F.3d 825, 828 (D.C. Cir. 1995). District of Columbia law provides three avenues by which a court may exercise personal jurisdiction over a defendant.

**2.      No Jurisdiction under D.C. Code § 13-422.**

First, under D.C. Code section 13-422, "[a] District of Columbia court may exercise personal jurisdiction over a person domiciled in, organized under the laws of, or maintaining his or its principal place of business in, the District of Columbia as to any claim for relief."  It is undisputed that Mr. Gruber is a resident of the State of Texas, where he practices law through the

Texas law firm of Gruber Elrod Johansen Hail & Shank.[2] *See* Complaint at p. 3. Mr. Gruber does not fall within the scope of D.C. Code section 13-422, and this Court cannot exercise personal jurisdiction over Mr. Gruber on this ground.

### 3.      No Specific Jurisdiction.

Second, a District of Columbia court may exercise jurisdiction over a nonresident defendant under the District of Columbia "long-arm" statute, set forth at section 13-423 of the D.C. Code. This statute allows District of Columbia courts to exercise jurisdiction over "acts of a defendant that touch and concern the forum." *See Steinberg v. Int'l Crim. Police Org.*, 672 F.2d 927, 928 (D.C. Cir. 1981). Specific jurisdiction "focuses on the relationship among the defendant, the forum, and the litigation." *Walden v. Fiore*, 134 S. Ct. 1115, 1121 (2014) (quotation marks and citations omitted). "For a State to exercise jurisdiction consistent with due process, the defendant's suit-related conduct must create a substantial connection with the forum State." *Id.*  To establish so-called "specific"  jurisdiction over a non-resident defendant, plaintiff must plead facts sufficient to show that the defendant, acting directly or through an agent, engages in certain types of conduct in the District, including, among other things, transacting business in the District of Columbia or contracting to supply services in the District of Columbia. D.C. Code § 13-423(a).

In this case, Plaintiff did not (and cannot) meet her burden of showing that this Court may exercise personal jurisdiction over Mr. Gruber.[3] *See Crane v. N.Y. Zoological Soc'y*, 894 F.2d 454, 456 (D.C.C. 1990) (stating it is plaintiff's burden to establish a factual basis for Court's exercise of personal jurisdiction over each defendant). Plaintiff's Complaint is devoid of

---

[2] Prior to working with his current law firm, Mr. Gruber practiced law with the law firm of Godwin Gruber, LLP. He left Godwin Gruber, LLP in 2007.  It appears that Plaintiff has sued Mr. Gruber solely on the basis that Mr. Gruber was a named partner in that firm.  Plaintiff does not identify Mr. Gruber personally in her Complaint. In fact, the only reference to Mr. Gruber is when Plaintiff identifies that the attorneys she complains of worked for "Godwin Gruber, LLP." *See* Complaint at ¶¶ 8, 10, 11, 19, & 22.
[3] There are no allegations which tie Mr. Gruber to Washington, DC.

any statements or allegations addressing personal jurisdiction over Mr. Gruber. Plaintiff alleges no contacts between Mr. Gruber and the District of Columbia.  Plaintiff has also failed to allege any wrongful act that Mr. Gruber personally committed against her in this forum to justify specific jurisdiction over Mr. Gruber.  Plaintiff simply has not alleged any facts in her Complaint of intentional acts by Mr. Gruber directed at this forum which caused her damage or how any acts by Mr. Gruber stand apart from the alleged acts of the attorneys who represented her in the Texas or Louisiana lawsuits she references. *See, e.g.,* Complaint at ¶¶ 8, 10, 11, 19, & 22. Accordingly, the Motion should be granted and the claims brought against Mr. Gruber should be dismissed.

### 4.      No General Jurisdiction.

Likewise, Plaintiff has failed to allege any facts sufficient to establish general jurisdiction over Mr. Gruber.   The Supreme Court considered the requirements to establish general jurisdiction in *Daimler AG v. Bauman*, 134 S. Ct. 746 (2014).[4] The Court observed that the proper consideration when determining general jurisdiction is whether the defendant's "'affiliations with the State are so continuous and systematic as to render [it] essentially at home in the forum State.' " *Id*. at 761 (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2851 (2011)) (alteration in original).

Again, Plaintiff has failed to allege any contacts between Mr. Gruber and the District of Columbia, let alone "continuous and systematic" contacts sufficient to render Mr. Gruber "at home" in the District of Columbia. The Complaint lacks allegations establishing any of the facts underlying Plaintiff's claims occurred in the District of Columbia.

---

[4] While the discussion in *Bauman* involves personal jurisdiction over corporate defendants, the Supreme Court's analysis is no less persuasive or applicable here.

Plaintiff has not (and cannot) meet her burden of showing that this Court may exercise personal jurisdiction, either specific or general, over Mr. Gruber.  Accordingly, the Motion should be granted and the claims brought against Mr. Gruber should be dismissed.

**C.     Plaintiff Has Failed to State a Claim Upon Which Relief Can be Granted.**

**1.     Rules 8(a) and 12(b)(6) Legal Standard.**

Federal Rule of Civil Procedure 8(a) requires a plaintiff's pleading to include "a short and plain statement of the claim showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  If a plaintiff fails to satisfy Rule 8(a), the defendant may file a motion to dismiss the plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief may be granted."  FED. R. CIV. P. 12(b)(6).

To survive a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 555.  A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbaql,* 556 U.S. at 678.   While a court construes a *pro se* litigant's complaint literally, a *pro se* complaint must still "present a claim on which the Court can grant relief." *Garvin IV,* 72 F. Supp. 3d at 336 (quoting *Chandler v. Roche,* 215 F. Supp. 2d 166, 168 (D.D.C. 2002)) (additional citations omitted).

**2.     Plaintiff failed to state a claim upon which relief can be granted.**

As the Complaint demonstrates, Plaintiff alleges neither a claim nor controversy between her and Mr. Gruber.  Like her prior complaints, Plaintiff's Complaint is an incoherent muddling

of accusations, none of which support, let alone identify a factual or legal basis for a claim against Mr. Gruber. As the Court in *Garvin IV* observed, "[a] complaint that is a 'confused and rambling narrative of charges and conclusions' or an 'untidy assortment of claims that are neither plainly nor concisely stated' must be dismissed." *Id.* (quoting *Poblete v. Goldberg,* 680 F. Supp. 2d 18, 19 (D.D.C. 2009)).

Plaintiff's Complaint is disjointed and confusing, at best. While hard to decipher, it seems that Plaintiff's claims against Mr. Gruber, in essence, derive from the alleged actions (or inactions) by certain attorneys with whom he practiced with while at his former law firm: Godwin Gruber, LLP. In her Complaint, Plaintiff's claims against Mr. Gruber appear to be based upon the following allegations:

- Texas-based attorney Phillip Offill (who used to work for Godwin Gruber, LLP)[5] improperly traded or misused Plaintiff's "fraudulent VA records" to "remove Plaintiff's conservatorship in 2006" (Complaint at ¶¶ 8-9);

- Mr. Offill and Joanna Travis (another attorney who used to work for Godwin Gruber, LLP) had a conflict of interest with Plaintiff's ex-husband's "divorce counsel Randall Tannehill and estate counsel Brad Drell" (Complaint at ¶ 10);[6]

- Mr. Offill and Ms. Travis falsely represented to the court during a custody lawsuit that Plaintiff had moved to Wyoming which she apparently contends caused her to lose custody of her daughter (Complaint at ¶¶ 19-20 & 22);

- Mr. Offill and Ms. Travis purposefully did not plead the "Indian Child Welfare Act of 1978" (Complaint at ¶ 24); and

---

[5] Presumably these actions (or inactions) occurred prior to when Mr. Gruber left the firm in 2007 and the name of the law firm changed to reflect Mr. Gruber's departure.
[6] It also appears that Plaintiff claims that Offill somehow wronged her by holding "Plaintiff's power of attorney and serv[ing] as head of securities for Godwin Gruber 2003-2007" and also apparently being sentenced "to 8 years in prison…for separate offenses of stock fraud and conflicts of interest in 2010." *See* Complaint at ¶ 11.

- Mr. Offill and Ms. Travis "failed to identify Plaintiff's elder children as Koniag Tribe members" (Complaint at ¶ 21).

On the basis of the foregoing allegations, Plaintiff purportedly sustained damages, because had the attorneys not taken (or failed to take) the foregoing complained of actions, Plaintiff would have retained custody of her eldest daughter who as a Koniag Tribe member, would have received survivor benefits, which apparently would be passed on to Plaintiff. And had Plaintiff received such survivor benefits, Plaintiff would not have had to take out the student loans that she defaulted on and for which she was subsequently garnished.

First of all, these claims are so attenuated, groundless, and obviously frivolous that they hardly can be said meet the basic tenets of Rule 8(a). As shown on the face of the Complaint there is no basis for imputing liability to Mr. Gruber, individually, who is notably absent from Plaintiff's allegations. Plaintiff does not contend that Mr. Gruber was one of the attorneys who purportedly took (or failed to take) the foregoing actions. Plaintiff's claims are facially plausible only if Plaintiff pleads factual content that allows the Court to draw the reasonable inference that Mr. Gruber is liable for the misconduct alleged. *See Iqbal*, 556 U.S. at 663 (citing *Twombly*, 550 U.S. at 556).

Even if the Court were to imply a respondeat superior type claim against Mr. Gruber on the basis that he was somehow Mr. Offill and Ms. Travis' employer at the time in question, which he was not, those claims would still be facially implausible. Plaintiff did not allege that Mr. Gruber was personally involved in the conduct giving rise to her claim for fraud. In fact, Plaintiff's factual allegations make clear that her fraud (or malpractice-type) claim is based on conduct by either Mr. Offill or Ms. Travis. Plaintiff has not alleged that Mr. Gruber is liable for their conduct because he was their former employer. Complaint at ¶¶ 8-10, 19-22, 24. Because

Plaintiff's Complaint does not plead facts that permit a reasonable inference that Mr. Gruber committed fraud or any other claim upon which relief could be granted, it fails to state a claim that is plausible on its face. *See Twombly*, 550 U.S. at 550. Accordingly, Mr. Gruber respectfully requests that the Court dismiss Plaintiff's claims against him.

### D.   <u>Plaintiff Does Not Allege Fraud with Requisite Specificity</u>.

Plaintiff's fraud claim also fails as a matter of law, because Plaintiff has failed to sufficiently allege fraud. The Federal Rules of Civil Procedure establish a heightened pleading standard for allegations of fraud. FED. R. CIV. P. 9(b). Rule 9(b) states: "In all averments of fraud, or mistake, the circumstances constituting fraud or mistake shall be stated with particularity," which requires a plaintiff to plead the "time, place and contents of the false representations, as well as the identity of the person making the misrepresentations and what [the person] obtained thereby."[7] Where there is more than one Defendant, the Plaintiff is obligated under Rule 9(b) to specify the particular acts of each Defendant.

Here, Plaintiff's allegations do not even remotely comply with Rule 9(b). Plaintiff fails to allege any statement, omission or conduct at all by Mr. Gruber, who is mentioned only by name as a Defendant. This Court therefore, should dismiss Plaintiff's fraud claim under Rule 12(b)(6).

### <u>CONCLUSION</u>

For all of the reasons discussed above, Plaintiff's Complaint should be dismissed. Because Plaintiff has advanced numerous factual and legal arguments which are patently frivolous, attorney's fees and costs associated with the dismissal of this action should be awarded to Mr. Gruber.

---

[7] *See Williams v. WMX Tech., Inc.*, 112 F.3d 175, 178-79 (5th Cir. 1997).

Dated: May 22, 2017.            Respectfully submitted,

                                By:      */s/ C. Michael Buxton*

                                    Orrin L. Harrison, III
                                       Texas Bar No. 09130700
                                       oharrison@getrial.com
                                    Chelsea L. Hilliard
                                       Texas Bar No. 24068630
                                       chilliard@getrial.com
                                    **GRUBER ELROD JOHANSEN HAIL SHANK
                                    LLP**
                                    1445 Ross Avenue, Suite 2500
                                    Dallas, Texas 75202
                                    (214) 855-6800 Telephone
                                    (214) 855-6808 Facsimile

                                    AND

                                    C. Michael Buxton
                                       D.C. Bar No. 200089
                                       cmbuxton@buxtonlawoffices.com
                                    **BUXTON LAW OFFICES PLLC**
                                    1701 Pennsylvania Ave. NW
                                    Suite 300
                                    Washington, DC 20006
                                    (202) 461-2205 Telephone
                                    (202) 461-2207 Facsimile

                                    **ATTORNEYS FOR DEFENDANT MICHAEL
                                    GRUBER**

---

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was served on Plaintiff Pro Se and all counsel of record via the Court's ECF system on May 22, 2017, and as indicated below:

Patricia Gavin            (*via Registered Mail*)
Pro Se Plaintiff
2475 Virginia Avenue N.W., #323
Washington, DC 20037

*/s/ Orrin L. Harrison III*
Orrin L. Harrison