UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PATRICIA GAVIN,

        *Plaintiff*,

  v.

DEPARTMENT OF THE AIR FORCE *et al.*,

        *Defendants*.

Civil Action No. 17-768 (TJK)

## MEMORANDUM OPINION AND ORDER

Before the Court are a Motion for Judgment on the Pleadings, ECF No. 69, filed by Defendant Nelnet, Inc. ("Nelnet") and two motions filed by Plaintiff Patricia Gavin: a Motion for Reconsideration, ECF No. 65 ("Pl.'s Mot."), and an Amended Motion for Reconsideration, ECF No. 72 ("Pl.'s Am. Mot."). The Court assumes familiarity with the factual and procedural background of the case as set forth in its prior Memorandum Opinion and Order dated May 15, 2018. *See* ECF No. 63 ("May Opinion"); *Gavin v. Dep't of Air Force*, No. 17-cv-768 (TJK), 2018 WL 2223662 (D.D.C. May 15, 2018). For the reasons set forth below, Nelnet's motion will be granted, and Gavin's motions denied.

    **A.**     **Nelnet's Motion for Judgment on the Pleadings**

Nelnet has moved for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). *See* ECF No. 69-1 ("Nelnet Br."); *see also* ECF No. 78 ("Pl.'s Opp'n"); ECF No. 79. "[A] Rule 12(c) motion . . . is functionally equivalent to a Rule 12(b)(6) motion." *Rollins v. Wackenhut Servs., Inc.*, 703 F.3d 122, 130 (D.C. Cir. 2012). "In considering a motion for judgment on the pleadings, the Court should 'accept as true the allegations in the opponent's pleadings' and 'accord the benefit of all reasonable inferences to the non-moving party.'" *Stewart v. Evans*, 275 F.3d 1126, 1132 (D.C. Cir. 2002) (quoting *Haynesworth v. Miller*, 820

F.2d 1245, 1249 n.11 (D.C. Cir. 1987)). "But the Court need not accept inferences drawn by plaintiff if those inferences are not supported by the facts set out in the complaint, nor must the court accept legal conclusions cast as factual allegations." *Hettinga v. United States*, 677 F.3d 471, 476 (D.C. Cir. 2012). As under Rule 12(b)(6), "a complaint must have 'facial plausibility,' meaning it must 'plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* (alteration in original) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

The Court will grant the motion, because at least two considerations require dismissal of Gavin's claims against Nelnet.

First, as Nelnet argues, the complaint does not contain "a short and plain statement of the claim showing that the pleader is entitled to relief" as required by Rule 8(a)(2). Fed. R. Civ. P. 8(a)(2); *see* Nelnet Br. at 16. "'[A] complaint that is excessively long, rambling, disjointed, incoherent, or full of irrelevant and confusing material' will patently fail the Rule's standard, and so will 'a complaint that contains an untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments.'" *Jiggetts v. District of Columbia*, 319 F.R.D. 408, 413 (D.D.C. 2017) (quoting *T.M. v. District of Columbia*, 961 F. Supp. 2d 169, 174 (D.D.C. 2013)), *aff'd sub nom. Cooper v. District of Columbia*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017). That fairly describes Gavin's complaint, which leaves the reader guessing exactly what her claims are, which claims are brought against which Defendants, and how her disjointed factual allegations support those claims. *See* ECF No. 1. Her subsequent filings have added little clarity.

Second, to the extent the Court can discern a claim against Nelnet from Gavin's filings, it is not one on which relief can be granted. Gavin appears to claim that Nelnet, her loan servicer,

2

is required to discharge her federal student loans. But there is no private right of action under the Higher Education Act of 1965, 20 U.S.C. § 1001 *et seq.*, which governs federal student loans. *See McCulloch v. PNC Bank Inc.*, 298 F.3d 1217, 1221 (11th Cir. 2002) (collecting cases); *Kemper v. U.S. Dep't of Educ.*, 285 F. Supp. 3d 145, 149 (D.D.C. 2018). Rather, a discharge must be sought administratively from the Secretary of Education. *See, e.g.*, *Johnson v. U.S. Dep't of Educ.*, 580 F. Supp. 2d 154 (2008) (example of APA challenge to denial of student-loan discharge). Gavin does not claim to have ever requested a discharge administratively.[1] And even if Gavin did have a cause of action for discharge of her student loans, it does not appear that Nelnet would be a proper defendant. *See Johnson v. Duncan*, 746 F. Supp. 2d 163, 168 n.4 (D.D.C. 2010) (explaining that loan servicer had "no power or authority to discharge [plaintiff's] federally guaranteed student loans").

Nelnet's brief also presents other potentially meritorious arguments for dismissing Gavin's claims. *See* Nelnet Br. Gavin, for her part, provides no meaningful response to these arguments, instead reciting a hodgepodge of allegations that, for the most part, do not even mention Nelnet. *See* Pl's Opp'n. By failing to address Nelnet's arguments, Gavin has effectively conceded them. *See Wannall v. Honeywell, Inc.*, 775 F.3d 425, 428 (D.C. Cir. 2014). The Court will not address these other arguments in detail, because the foregoing analysis makes sufficiently clear that Gavin's claims against Nelnet must be dismissed.

---

[1] As Nelnet acknowledges, Gavin's complaint contains a conclusory allegation that she "has exhausted remedy [sic] under the Administrative Procedure Act (APA)." Compl. ¶ 38; *see* Nelnet Br. at 19. But that is plainly not enough to state an APA claim, which requires the plaintiff to "identify the final agency action being challenged." *Elk Run Coal Co. v. U.S. Dep't of Labor*, 804 F. Supp. 2d 8, 30 (D.D.C. 2011). Gavin has not done so.

**B.      Gavin's Motions for Reconsideration**

Gavin has filed two motions seeking reconsideration of the Court's Memorandum Opinion and Order dated May 15, 2018.  Pl.'s Mot.; Pl.'s Am. Mot.  In addition to reconsideration, the motions also seek various other relief.  All of these requests will be denied.

**1.      Reconsideration**

Federal Rule of Civil Procedure 54(b) "recognizes [the court's] inherent power to reconsider an interlocutory order 'as justice requires.'" *Capitol Sprinkler Inspection, Inc. v. Guest Servs., Inc.*, 630 F.3d 217, 227 (D.C. Cir. 2011).  "Considerations a court may take into account under the 'as justice requires' standard include whether the court 'patently' misunderstood the parties, made a decision beyond the adversarial issues presented, made an error in failing to consider controlling decisions or data, or whether a controlling or significant change in the law has occurred." *Univ. of Colo. Health at Mem'l Hosp. v. Burwell*, 164 F. Supp. 3d 56, 62 (D.D.C. 2016) (quoting *Isse v. Am. Univ.*, 544 F. Supp. 2d 25, 29 (D.D.C. 2008)).  "In general, 'a court will grant a motion for reconsideration of an interlocutory order only when the movant demonstrates: (1) an intervening change in the law; (2) the discovery of new evidence not previously available; or (3) a clear error in the first order.'" *Id.* (quoting *Stewart v. Panetta*, 826 F. Supp. 2d 176, 177 (D.D.C. 2011)).

In support of her requests for reconsideration, Gavin asserts that the Court's prior opinion contained the following error: the Court supposedly stated that her ex-husband retired in 2003, when in fact he "served in the Louisiana Air National Guard from 2000 to 2009." *See* Pl.'s Mot. ¶ 4.  She argues that this allegation is the "fulcrum" of her claims. *Id.* ¶ 14.

This argument does not accurately describe the Court's prior opinion, nor does it justify reconsideration.  In attempting to summarize Gavin's allegations, the Court's prior opinion stated that Gavin's ex-husband "served in the Air Force until his retirement in 1999" and "came out of

4

retirement in 2009." May Opinion at 2, 3. These statements reflected Gavin's own filings, which stated that "[i]n 1999 he left the military to accept an assignment in private industry," and that he "was returned to active duty in 2009." ECF No. 62-1 at 14, 15. It may well be that the word "retirement" was ill chosen, since Gavin also alleges that her ex-husband served in the Louisiana Air National Guard in the interim. *See id.* at 14. But absolutely nothing in the Court's prior opinion turned on this factual nuance, and it does not warrant reconsideration of the Court's prior order. To the contrary, Gavin's allegation that her ex-husband never fully retired from the military undermines some of her claims, as will be explained below.

### 2. Other Relief

Gavin's two motions also ask for three other forms of relief, which will also be denied.

First, Gavin seeks to assert a "cross-claim" against the Air Force under the Barring Act, 31 U.S.C. § 3702. Pl.'s Am. Mot. at 1. This is not a true cross-claim, but simply the latest iteration of the claims Gavin has previously asserted against the Air Force and which the Court has dismissed as conceded. In effect, Gavin requests leave to amend her complaint to add this proposed claim against the Air Force.

"A district court may deny a motion to amend a complaint as futile if the proposed claim would not survive a motion to dismiss." *Hettinga v. United States*, 677 F.3d 471, 480 (D.C. Cir. 2012) (per curiam). The Court notes that § 3702 merely governs the processing of claims, and it is not a source of substantive rights or jurisdiction. *See Curtin v. United States*, 91 Fed. Cl. 683, 687 (2010). Thus, merely invoking § 3702 does not satisfy Gavin's obligation to explain the nature of the claim she seeks to assert against the Air Force and how the Court has jurisdiction over that claim. *See* Fed. R. Civ. P. 8(a)(1)-(2). As best the Court can tell, this proposed claim relates to a decision by the Air Force Board for Correction of Military Records ("AFBCMR") on July 13, 2012. The decision restored certain survivor benefits arising from her ex-husband's

death, setting aside a forged waiver of those benefits. *See* Pl.'s Am. Mot. ¶¶ 2, 9, 13. Gavin argues that the decision should also have awarded her retirement benefits that she was denied in 2009 as a result of her ex-husband's return to active service. *See id.* ¶¶ 9-10.

This claim would not survive a motion to dismiss, because it is totally illogical. It rests on the premise that Gavin should have been awarded her ex-husband's retirement benefits starting in 2009. But she now asserts that *her ex-husband never actually retired*, meaning she was never entitled to his retirement benefits. *See* Pl.'s Mot. ¶ 4. Gavin lays out a convoluted theory for how she would have received these retirement benefits but for the forgery of her spousal-benefits waiver, *see* Pl.'s Am. Mot. ¶¶ 4-7, but this theory makes no sense and thus lacks "facial plausibility," *Iqbal*, 556 U.S. at 678. The claim appears to have other deficiencies as well, notably that Gavin does not assert a basis for this Court's subject matter jurisdiction over it.

There is another reason, in addition to futility, to deny Gavin leave to file this "cross-claim." As the Court has previously explained, Gavin is not entitled to the reinstatement of her claims against the previously dismissed Defendants, because she never bothered to respond to their motions to dismiss. *See* May Opinion at 9-10. Gavin still has not responded to the arguments in the Air Force's motion to dismiss, even though it was filed over a year ago. ECF No. 39. And this latest claim appears to be only a repackaging of her previous allegations. Therefore, Gavin will not be allowed to assert her "cross-claim" against the Air Force.[2]

Second, Gavin requests a "continuance of 90 days" so that she can "provide additional documentation," receive an "award of back Widow's Disability Pay" from the Social Security

---

[2] It also appears that Gavin has not exhausted her administrative remedies before the AFBCMR. Gavin claims to have served the AFBCMR with a request related to this proposed claim on July 13, 2018. *See* Pl's Opp'n ¶ 22. She evidently has not yet received a response, describing this as a "pending administrative appeal." *Id.* ¶ 38.

Administration, and retain "qualified and competent counsel." Pl.'s Mot. ¶¶ 30, 46. Effectively, she seeks to extend the deadlines for discovery set forth in the Court's prior orders. This request is moot: because all of Gavin's claims have been dismissed, there is no reason to extend the remaining deadlines.³ And in any event, Gavin has not demonstrated good cause for an extension of time. *See* Fed. R. Civ. P. 16(b)(4). Notwithstanding other extensions of time already granted by the Court (often *sua sponte*), Gavin has failed to meet court-imposed deadlines on multiple occasions. She also did not propound any discovery requests during the discovery period previously ordered by the Court. *See* ECF No. 77 ¶ 6. And while the Court is sympathetic to Gavin's desire to obtain legal representation, she has had over 15 months since the filing of this lawsuit to retain counsel and has not done so. In fact, over 75 days have passed since Gavin first requested a 90-day continuance on June 5, 2018, *see* Pl.'s Mot. ¶ 46; even though three-quarters of the time she initially requested has already passed, she does not appear to be close to obtaining counsel, at least based on her representations to the Court at a status conference held telephonically on August 16. The Court is also not persuaded that Gavin's recent travel—she has spent part of the last two months in Mexico and Vermont pursuing a yoga certification, teaching yoga classes, and promoting a book, *see id.* ¶¶ 1-2; ECF No. 75 ¶ 5—is good cause for an extension. In sum, granting Gavin's request for a continuance will serve only to draw out the proceedings, which instead should come to a close.

---

³ To the extent that the motion was intended to seek additional time to respond to Nelnet's Motion for Judgment on the Pleadings, the request is also moot. During a telephonic status conference held on August 16, 2018, Gavin agreed to submit her response by August 17, 2018, which she did. *See* Pl.'s Opp'n. The Court notes that Gavin's response would have been due by June 28, 2018, under Local Civil Rule 7(b). Thus, she effectively received a 50-day extension of time—more than half of the 90 days she requested.

Finally, Gavin requests mediation. Pl.'s Mot. ¶ 45. Because all of the claims in the action have now been dismissed, the Court will deny this request as well.

\*     \*     \*

For all of the above reasons, Nelnet's Motion for Judgment on the Pleadings (ECF No. 69) is hereby **GRANTED**, and the claims against Nelnet are **DISMISSED**. Gavin's Motion for Reconsideration (No. 65) and Amended Motion for Reconsideration (ECF No. 72) are **DENIED**. All pending deadlines in this case are hereby terminated. Because all Defendants have now been dismissed from the action, the Court will also enter judgment for Defendants, in a separate order.

**SO ORDERED.**

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: August 24, 2018